WATKINS, Judge.
This is an action for personal injuries sustained by Lloyd A. Russell, appellant, while a prisoner in East Baton Rouge Prison and for slander. Named defendants are J. A1 Amiss, Sheriff, Alexander D. Twine, R. L. McGraw, Charles W. Beard, Randolph Scott, Roger N. Aucoin, and the State of Louisiana. After plaintiff’s presentation of his case, the State of Louisiana moved to be dismissed as a party defendant, and the motion was granted. At the conclusion of the trial on the merits, the trial court gave oral reasons for judgment, dismissing plaintiff’s suit at his cost. Plaintiff has appealed from this judgment.
First we shall consider the personal injury cause of action.
About certain facts there is no controversy. On the night of March 13, 1977, there was an attempted jailbreak from plaintiff’s cellblock by no less than three inmates, and a deputy was stabbed. Plaintiff may or may not have been involved in the attempted jailbreak; the evidence is unclear. In any event, plaintiff and the other inmates in the cellblock were made to crawl on their hands and knees to the drunk tank, and were then ordered to take off their clothes — if defendants’ witnesses version of the events is correct, to permit the authorities to search for weapons. Plaintiff and one other inmate were then taken down the hall to an isolation cell. After midnight the same night, plaintiff was taken to Earl K. Long Memorial Hospital in Baton Rouge, where a gash on his head was sewed up and where bruises of the ribs, shoulders, and forearms were treated. He was then taken back to prison.
If the version of events recounted by plaintiff and plaintiff’s two witnesses to the events (Steven H. LeBlanc and Jonathan Poltrock) is correct, five inmates, including plaintiff, were called out of the drunk tank and beaten in the back of the head with numb chucks (billy clubs tied together) by Lieutenant Alexander D. Twine, defendant. After plaintiff and another inmate were taken to an isolation cell, Sergeant Charles W. Beard, defendant, and Warden Roger N. Aucoin, defendant, came in the cell and beat them to the floor and kicked them. The testimony also indicates that while the inmates were on their way on their hands and knees from the cellblock to the drunk tank they were kicked by the deputies. Le-Blanc and Poltrock were both inmates with plaintiff in Parish Prison, and were under incarceration at the time of the trial, Le-Blanc having been convicted of burglary and Poltrock of manslaughter.
Defendants’ testimony is that when the cell door of the drunk tank was opened to take the inmates out, plaintiff and another prisoner lunged out, plaintiff butting Captain Harvey in the teeth and face with his head or shoulders. They deny having numb chucks present in the prison, or beating Russell or the other inmates at any time. Certain testimony of defendants’ witnesses seems to indicate the prisoners were kicked while crawling on their hands and knees, but in the seat of the pants, and this would not have caused the injuries treated or sued upon.
The testimony on either side is generally consistent, and each side seems equally believable. There are only two obvious flaws in the testimony, which are not major. The first is that after defendants’ witnesses testified to the effect that Sergeant Beard did not come on duty until after the alleged beatings occurred, plaintiff changed his testimony to indicate that Captain Harvey and Aucoin, not Beard and Aucoin, followed him into the isolation cell and beat him. The second was that Captain Harvey, defend *658 ants’ witness, testified that Russell had no visible marks after he sustained the injuries sued upon. This is clearly contrary to fact in view of the medical report and other testimony, which indicate that plaintiff’s head needed to be sewed up. However, in general, the testimony on either side is equally worthy of belief.
Plaintiff contends that the trial court in its oral reasons for judgment improperly took judicial notice of its personal opinions or observations concerning conditions in East Baton Rouge Parish Prison and the worth of Warden Aucoin. We find that this allegation of error is well founded. See State v. Thurman, 231 So.2d 692 (La. App. 1st Cir. 1970). However, the oral reasons for judgment are clearly founded primarily upon the finding that plaintiff has failed to prove his case by a preponderance of the evidence. We agree that this is correct, finding both versions of the events on the night on which plaintiff’s injuries were sustained equally believable. In any event, there is no manifest error. See Haydel v. Clark, 347 So.2d 1200 (La.App. 1st Cir. 1977), writ denied 350 So.2d 1223 (La.1977); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The second cause of action is for slander. Plaintiff contends that a local Baton Rouge newspaper stated that Russell was a participant in the escape attempt, and further contends that this information was supplied to the newspaper by the sheriff's office. A later newspaper published by the same company stated that Russell was not involved, but inmates other than Russell were involved, and also stated that the original information came from the sheriff’s office. The trial court refused to admit the newspaper articles, and plaintiff made a proffer.
The newspaper articles were properly identified by plaintiff, and were admissible to prove the fact that they were published. The first article, Russell Proffer 1, taken from the Morning Advocate of March 14, 1977, stated that inmates Lance Nowell, Lloyd Russell, and Kenneth Whatley attempted to escape from parish prison. It indicated that the identities of the men came from “authorities”. The second article, Russell Proffer 2, taken from the State-Times of March 14, 1977, stated that the inmates who attempted to escape were Lance T. Nowell, Dewayne Hall, and Kevin East. It further stated that the sheriff’s office earlier had identified two of the three men, mistakenly, as Lloyd Russell and Kenneth Whatley.
As we have said, the newspaper articles were admissible as proof of the fact that the articles were published. Pugh, Louisiana Evidence Law (1976 Supp.) pp. 199, 200. However, the statement in the State-Times article that the sheriff’s office was the source of the erroneous report is the rankest hearsay, and is entitled to no weight.
There is no other evidence in the record or proffer that would prove that the erroneous statement emanated from the sheriff’s office. For this reason alone, there is no proof of slander in this case, leaving aside the question of whether or not the other elements of slander were present.
For the reasons stated, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED..